**Petition for Writ of Mandamus Denied and Memorandum Opinion filed September 17, 2012.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-12-00843-CV**

---

### IN RE GWEN STRIBLING HENDERSON, RAVEN A. PITRE,
### AND CHRISTINE S. WILLIE, Relators

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**On Appeal from the Probate Court No 1**
**Harris County, Texas**
**Trial Court Cause No. 401,492**

---

## MEMORANDUM OPINION

On September 14, 2012, relators, Gwen Stribling Henderson, Raven A. Pitre, and Christine S. Willie, filed a petition for writ of petition for writ of mandamus in this court. *See* Tex. Gov't Code §22.221; *see also* Tex. R. App. P. 52. In the petition, relators ask this court to compel the Honorable Loyd Wright, presiding judge of the Probate Court No 1 of Harris County, to vacate his order signed September 13, 2012, denying relators' Second Amended Plea to the Jurisdiction or, in the Alternative, Plea in Abatement, as supplemented. Relators assert that the real parties in interest, Glenn J. Gibbons and Annabella Gibbons, did not seek leave of court before amending their answer less than

seven days before trial. Relators ask that the trial court re-set the trial currently scheduled for September 17, 2012, for at least forty-five days. Relators also seek the appointment of an Attorney Ad Litem for Annabella Gibbons. In addition, relators filed a motion for an emergency stay of the trial. *See* Tex. R. App. P. 52.10(a). We denied the emergency motion on September 14, 2012.

Mandamus is an extraordinary remedy that will issue only if (1) the trial court clearly abused its discretion and (2) the party requesting mandamus relief has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004).

Relators have not established that an appellate remedy is inadequate. In addition, relators failed to provide a sufficient record to support their claims. *See* Tex. R. App. P. 52.3(g) ("Every statement of fact in the petition must be supported by citation to competent evidence included in the appendix or record."); Tex. R. App. P. 52.7(a)(1) (requiring petition to be accompanied by a certified or sworn copy of every document that is material to the relator's claim for relief); Tex. R. App. P. 52.7(a)(2) (requiring relator to file a properly authenticated transcript of relevant testimony or a statement that no testimony was adduced). It is relators' burden to provide a record sufficient to establish their right to mandamus relief, and relators have not met that burden. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex .1992).

Accordingly, we deny relators' petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Boyce, Jamison, and McCally.